UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 26-25058-CV-DIMITROULEAS**

GUSTAVO PERCY ESCATE UGARTE,

     Petitioner,

v.

JUAN AGUDELO,

     Respondent.

_____/

**<u>ORDER</u>**

**THIS CAUSE** is before the Court on Petitioner Gustavo Percy Escate Ugarte's ("Petitioner")'s *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition") [DE 1], filed July 27, 2026.  Petitioner argues that he was pressured to sign a voluntary departure order and seeks immediate release from custody. [DE 1 at 7–8]. The Court has screened the Petition and finds that it must be summarily **DISMISSED**.

Section 2241 authorizes a district court to grant a writ of habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  District courts have the authority to summarily dismiss a § 2241 petition if "[i]t plainly appears from [the] petition that [petitioner] is not entitled to § 2241 relief." *Morgan v. Warden,* 589 F. App'x 530, 531 (11th Cir. 2015) (citing *Hittson v. GDCP Warden*, 759 F.3d 1210, 1270 (11th Cir. 2014)); *see also* 28 U.S.C. § 2243 (providing that a § 2241 petition can be dismissed if "[i]t appears from the application that the applicant or person detained is not entitled [to relief.]").  Likewise, the Supreme Court has consistently held that "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."

*McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing Rules Governing § 2254 Cases, R. 4).  The Court must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys."  *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citing *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003)).

On July 19, 2026, Petitioner was detained and taken into Immigration and Customs Enforcement custody.  [DE 1 ¶¶ 3, 13].  Petitioner alleges that he was "pressured to sign a voluntary departure order" and requests "immediate release due to the violation of [his] rights." [*Id*. ¶ 13].  Petitioner has not sought relief from an immigration judge or from the Board of Immigration Appeals.  [*Id*. ¶¶ 7–9].  Petitioner must exhaust available administrative remedies in immigration proceedings before seeking relief in federal court.  *See Amaya–Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir.2006) (explaining that the Eleventh Circuit lacks jurisdiction to review claims raised in the petition for review that were not raised with the BIA). Accordingly, the Court shall summarily dismiss the Petition.[1]

Accordingly, it is **ORDERED AND ADJUDGED** that Petitioner's Petition for a Writ of Habeas Corpus [**DE 1**] is **DISMISSED without prejudice.**  All pending motions are **DENIED** as moot.  The Clerk is directed to **CLOSE** the case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 28th day of July, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

---

[1]     Alternatively, the Petition is due to be dismissed for Petitioner's failure to pay the filing fee or file a motion for leave to proceed *in forma pauperis*. *See generally* Docket.

3

Copies furnished to:
Counsel of Record
Email: usafls-immigration@usdoj.gov
Email: usafls-2255@usdoj.gov


Gustavo Percy Escate Ugarte, *Pro Se*
A# 241960361
Krome North Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194